In the Matter of the Judicial Settlement of the Accounts of JOHN S. SHEDDEN and LEE F. PHELPS, as Temporary Administrators, etc., of ARNOLD H. ELLIS, Deceased.

PHYSICIANS' HOSPITAL OF PLATTSBURGH, N. Y., and W. CAREY TAYLOR, as Executors, Appellants; JOHN S. SHEDDEN and LEE F. PHELPS, as Temporary Administrators, Respondents.

In the Matter of the Judicial Settlement of the Accounts of JOHN S. SHEDDEN and W. CAREY TAYLOR, as Executors, etc., of ARNOLD H. ELLIS, Deceased.

PHYSICIANS' HOSPITAL OF PLATTSBURGH, N. Y., and W. CAREY TAYLOR, as Executors, Appellants; JOHN S. SHEDDEN, Respondent.

Third Department, July 1, 1918.

Executors and administrators — reference by surrogate of accounts of attorneys — waiver of right to trial by jury — appeal — substitution of attorneys.

Where, upon the judicial settlement of the accounts of temporary administrators and of executors, there were certain accounts of attorneys involving a large number of items which the surrogate upon his own motion determined to send to a referee subject to the limitations provided by section 2536 of the Code of Civil Procedure, which order was made without objection, a residuary legatee, having acquiesced in the making of the order and remained passive for practically four months until long after the time for an appeal had expired, waived any right to a trial by jury and is not in a position by appealing from an order denying relief from the order of reference to question the propriety of the original order. of reference.

The fact that said legatee subsequent to the original order substituted attorneys does not enlarge its rights.

APPEAL in both proceedings by Physicians' Hospital of Plattsburgh, N. Y., and W. Carey Taylor, as executors, from parts of an order of the Surrogate's Court of the county of Essex, entered in the office of said Surrogate's Court on the 13th day of February, 1918, which order among other things denied an application to set aside an order of reference.

*Arthur S. Hogue*, for the appellants.

*Wallace E. Pierce*, for the respondents.

WOODWARD, J.:

A simple statement of the facts out of which the order appealed from arose indicates clearly that the appellant is not entitled to the relief which it seeks. The appellant, the Physicians' Hospital of Plattsburgh, is the residuary legatee of Arnold H. Ellis, deceased. Upon the judicial settlement of the account of the temporary administrators, and the account of the executors under the will of the decedent, there were certain accounts of attorneys, involving a large number of items, which the surrogate, upon his own motion, determined to send to a referee to hear and determine, subject to the limitations provided by section 2536 of the Code of Civil Procedure. At the time this order of reference was made all of the parties were before the court, and no one suggests that any objection was made to such reference. This order was made on the 5th day of October, 1917, subsequently amended changing the referee named, on the thirteenth day of October. On the 7th day of January, 1918, notice of a hearing under the order was served, and on the fourteenth day of January Arthur S. Hogue served a notice of retainer for the Physicians' Hospital of Plattsburgh, and on the 8th day of February, 1918, the Physicians' Hospital of Plattsburgh petitioned the surrogate of Essex county, praying for relief from the order appointing the referee, and an order to show cause issued returnable on the thirteenth of February. Upon this latter date the parties appeared, and after oral argument the surrogate announced his decision, denying the relief. The order was not served until the twenty-first day of February, but on the thirteenth day of February the attorneys for the appellant and respondents stipulated that the hearing

appointed to be held before the referee on the fourteenth of February should be adjourned to February twenty-second, and hearings were had under the order. On the twenty-seventh of February counsel for appellant served notice of appeal from the order denying relief to the appellant.

It thus appears that the order here appealed from is of a highly discretionary character, and seeks indirectly to review the order of October 13, 1917, months after the time for such appeal had expired. It is well established that the courts will not permit that to be done indirectly which may not be done directly (*Matter of Henneberger,* 25 App. Div. 164, 169), and as all of the propositions now urged would have been available upon a direct appeal from the order of October thirteenth we see no reason for going into these subjects at this time.

By section 2536 of the Code of Civil Procedure the surrogate is expressly authorized to refer questions of the character involved in this appeal, and the report of the referee is subject to " confirmation or modification by the surrogate," so that the merits may be brought before that official in the final result, which disposes of the contention that the surrogate is avoiding his duty in the premises. This order of reference, being discretionary in the first instance, subject to the right of trial by jury if seasonably asserted (Code Civ. Proc. § 2537), and the time for appeal having expired long before any move was made by the appellant, we are clearly of the opinion that there has been a waiver of any right to a trial by jury, and that the appellant, having acquiesced in the making of the order of October thirteenth, is not in a position, by this indirect method, to question the propriety of the original order.

The fact that the appellant, subsequent to the original order, substituted attorneys does not enlarge its rights. It was present, by its attorney, at the time the order was made; it was there by a member of a committee appointed for this particular business, and no objection was made to the order. It remained passive until the eighth day of February, practically four months, and it is a maxim of the common law, of general application, that " that to which a person assents is not esteemed in law an injury." (Broom Leg. Max. [8th

Am. ed.] 267.) The employer himself is bound to exercise ordinary caution and discrimination in the choice and selection of the party he employs (1 Wait L. & Pr.), and if the appellant's attorney failed to take the steps necessary to the protection of its rights this fact cannot operate to give it rights which have been waived in the manner recognized by law.

While it is unfortunate, perhaps, that this estate should be subjected to an increased expense in the employment of a referee to determine the questions involved, the Legislature has clearly provided for just such a situation, and it is not for this court to interfere with a discretionary power, especially when the question is presented indirectly as in the instant case.

The order appealed from should be affirmed, with costs.

All concurred; H. T. KELLOGG, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.